IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALTON JONES, <br><br> Plaintiff, <br><br> v. <br><br> HYDROEXCAVATORS, LLC, <br><br> Defendant. | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Alton Jones, by and through undersigned counsel, and files this Complaint for Damages against Defendant HydroExcavators, LLC ("Defendant"), and states as follows:

### NATURE AND PURPOSE

1.

This lawsuit is brought under the whistleblower provisions of the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 31105.

### JURISIDCTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

1

3.

Defendant does business in this judicial district and resides in this district. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PROCEDURAL REQUIREMENTS

4.

Plaintiff filed a complaint of violation of the Surface Transportation Assistance Act with the Occupation Safety and Health Administration ("OSHA") on July 28, 2020.

5.

More than 210 days have passed, and the Secretary of Labor has not issued a final decision. Plaintiff has not caused any delay in a final decision being issued. Therefore, Plaintiff may bring an original action at law for de novo review pursuant to 49 U.S.C. § 31105(c).

## PARTIES

6.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia. Plaintiff is subject to the jurisdiction of this Court.

7.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, National Registered Agents, Inc., 289 S. Culver St., Lawrenceville, Georgia 30046.

**FACTUAL ALLEGATIONS**

9.

Mr. Jones began working for Defendant on April 13, 2020, as a CDL Operator for a hydro excavation truck.

10.

Plaintiff is an employee within the meaning of 49 U.S.C. § 31105(j) and 49 U.S.C. § 31101(2).

11.

Hydro excavation is an environmentally protective process that injects highly pressurized water into a target area followed by extraction of soil and other objects with a customized, industrial strength vacuum. The vacuum transports the debris into a truck mounted tank for safe transport to a designated disposal site.

12.

Mr. Jones transported the debris excavated from work sites to disposal sites.

13.

Mr. Jones came to Defendant with twenty years of experience as a CDL Operator. As such, he was aware of the safety requirements related to driving a commercial vehicle and the dangers posed by failing to follow such requirements.

14.

Defendant repeatedly asked Mr. Jones to violate these safety requirements.

15.

On June 10, 2020, Mr. Jones worked 19 consecutive hours, from 5:00 AM to 12:00 AM. Defendant deducted thirty (30) minutes for Mr. Jones' lunch and thus coded his off-time as 11:30 PM; however, Mr. Jones was unable to take his lunch break that day.

16.

June 10, 2020, on or around 5:30 PM, the company dispatcher, Blaine Robbins, asked Mr. Jones to drive an additional shift from Birmingham, Alabama, to Memphis, Tennessee.

17.

Mr. Jones had worked a full day and driving an additional shift would have put him over the legally-permitted hours for the day.

18.

Mr. Jones expressed his concerns to Mr. Robbins. He advised Mr. Robbins that he was delayed at the Birmingham location, and that the Foreman, John Beam, had already left for the day.

19.

Mr. Jones told Mr. Robbins that he could attempt to drive to Memphis if he was not delayed any further in Birmingham, as it was already late, and he would be driving for extended hours to make the additional trip.

20.

Later that evening, at or around 7:00 PM, Mr. Jones called Mr. Robbins and informed him that he could not make the additional trip to Memphis. DOT regulations required Plaintiff to be off the road by 4:00 pm and it was already well past that time.

21.

Mr. Robbins then reported Mr. Jones to the Area Manager, Bobby Daniel, for not making the additional trip.

22.

At or around 7:15 PM, Mr. Daniel called Mr. Jones to inquire about his refusal to travel to Memphis, and Mr. Jones explained that Department of Transportation ("DOT") regulations did not permit him to continue to drive.

23.

On June 11, 2020, Mr. Jones was called in for work at 5:30 AM, despite his shift not starting until 7:00 AM. He was unable to take a lunch break and worked 13 hours consecutively, despite his time being coded as 7:00 AM – 6:30 PM.

24.

On June 12, 2020, Mr. Jones complained to Mr. Daniel about the long work hours he was repeatedly asked to work, in violation of federal safety regulations.

25.

Mr. Jones also specifically expressed his concern with the incident on June 10, 2020. He told Mr. Daniel that he was not legally permitted to drive the extra route Mr. Robbins had asked him to complete and noted the safety issues that arose when he was required to work these extended hours with limited rest.

26.

Additionally, Mr. Jones explained that the Foreman had not allocated a disposal site in Alabama where Mr. Jones could dumb his load of debris and driving

to Memphis with a full load was illegal. Mr. Jones expressed frustration that he ultimately did have to drive back to Georgia with the load illegally, as did another of Defendant's Operators who worked alongside Ms. Jones in Birmingham on June 10, 2020.

27.

Defendant was aware that the Foreman frequently failed to designate a disposal site in Alabama, which resulted in Operators driving illegally from Alabama to Georgia with full loads.

28.

Defendant was aware that a truck with a full load exceeded the legal limit for weight.

29.

In fact, Operators had a specific route that they took to avoid being detected by the Department of Transportation at weight stations. Defendant was aware that Operators would take this route because the trucks would return to the Georgia location with full loads of debris despite arriving from out of state.

30.

Mr. Daniel did not acknowledge Mr. Jones' safety concerns. Instead, Mr. Daniel responded that he did not like Mr. Jones' tone, and Mr. Robbins had

complained about Mr. Jones' tone when Mr. Jones had complained about driving too many hours on June 10, 2020.

31.

Mr. Jones explained that he was not upset and simply wanted to express his safety concerns. He noted that he had spoken loudly to Mr. Robins because he wanted to ensure that Mr. Robbins could hear him over the loud traffic and noisy excavation equipment.

32.

Mr. Daniel then terminated Mr. Jones' employment in retaliation for his protected activity under the STAA.

## CLAIMS FOR RELIEF

### COUNT ONE: RETALIATION IN VIOLATION OF THE SURFACE TRANSPORTATION ASSISTANCE ACT, 49 U.S.C. § 31105 (a)(1)(A)

33.

Plaintiff re-alleges paragraph 9-32 as if set forth fully herein.

34.

Plaintiff is an employee within the meaning of 49 U.S.C. § 31105(j) and 49 U.S.C. § 31101(2).

35.

Defendant is a "person" within the meaning of 49 U.S.C. § 31105 and 1 U.S.C. § 1.

36.

Under the STAA, 49 U.S.C. § 31105(a)(1)(A), Defendant may not discharge an employee for filing a complaint.

37.

Plaintiff engaged in protected activity under the STAA when he complained to Defendant about various federal safety regulations that were being violated, to wit, being asked to drive excessive hours and the failure to allocate a disposal site.

38.

Plaintiff was subjected to adverse employment action when Defendant terminated his employment for engaging in protected activity.

39.

There is a direct causal relationship between Plaintiff's complaint about violations of safety regulations and Defendant's termination of Plaintiff. Plaintiff was terminated the same day that he complained to Defendant about the violation of safety regulations.

40.

Plaintiff's complaint about Defendant's failure to follow safety regulations was a contributing factor to Defendant's decision to terminate his employment.

41.

Any reason given by Defendant for terminating Plaintiff's employment is pretext for retaliation in violation of the STAA, 49 U.S.C. § 31105 (a)(1)(A).

42.

Pursuant to 49 U.S.C. § 31105, Plaintiff is entitled to recover compensatory damages, including backpay with interest and compensation for any special damage sustained as a result of Defendant's illegal actions, including litigation costs, expert witness fees, reasonable attorney fees, and punitive damages in an amount not to exceed $250,000.

### COUNT TWO: RETALIATION IN VIOLATION OF THE SURFACE TRANSPORTATION ASSISTANCE ACT, 49 U.S.C. § 31105 (a)(1)(B)

43.

Plaintiff re-alleges paragraph 9-32 as if set forth fully herein.

44.

Plaintiff is an employee within the meaning of 49 U.S.C. § 31105(j) and 49 U.S.C. § 31101(2).

45.

Defendant is a "person" within the meaning of 49 U.S.C. § 31105 and 1 U.S.C. § 1.

46.

Under the STAA, 49 U.S.C. § 31105(a)(1)(A), Defendant may not discharge an employee for refusing to operate a vehicle because the operation violates a regulation, standard or order of the United States related to commercial motor vehicle safety, health, or security.

47.

Plaintiff engaged in protected activity under the STAA when he told Mr. Robbins that he could not drive to Memphis because doing so would be in violation of federal safety regulations.

48.

Driving the vehicle to Memphis would have constituted an actual violation of the law. Plaintiff would have violated highway safety laws, including 49 C.F.R. §§ 395.3(a)(2) and 395.3(a)(3), and 23 U.S.C. § 127.

49.

Plaintiff was subjected to adverse employment action when Mr. Robbins reported Plaintiff to Mr. Daniel, and when Defendant terminated Plaintiff's employment.

50.

There is a direct causal relationship between Plaintiff's refusal to drive because doing so would violate safety regulations and Plaintiff being reported and terminated by Defendant. Plaintiff was reported as soon as he declined to drive to Memphis, and Plaintiff was terminated two days after he declined to drive to Memphis.

51.

Plaintiff's refusal to drive to Memphis because it would violate safety regulations was a contributing factor to Defendant's decision to report him and then terminate his employment.

52.

Any reason given by Defendant for reporting Plaintiff and terminating Plaintiff's employment is pretext for retaliation in violation of the STAA, 49 U.S.C. § 31105 (a)(1)(B).

53.

Pursuant to 49 U.S.C. § 31105, Plaintiff is entitled to recover compensatory damages, including backpay with interest and compensation for any special damage sustained as a result of Defendant's illegal actions, litigation costs, expert witness fees, reasonable attorney fees, and punitive damages in an amount not to exceed $250,000.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the court for judgment and relief as follows:

a) That judgment be entered against Defendant on all claims;

b) That compensatory damages, including backpay with interest and compensation for any special damage sustained as a result of Defendant's illegal actions be awarded pursuant to the STAA;

c) That punitive damages be awarded pursuant to the STAA;

d) That reasonable attorney's fees and expenses of litigation be awarded pursuant to the STAA;

e) Trial by jury as to all issues;

f) Prejudgment interest at the rate allowed by law;

g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

h) Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

i) All other relief to which he may be entitled.

Respectfully submitted this 27th day of September, 2021.

**BARRETT & FARAHANY**

*s/ Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110
Zachary Panter
Georgia Bar No. 822012

*Attorneys for Alton Jones*

1100 Peachtree Street, Suite 500
Atlanta, GA 30309
(404) 214-0120
matt@justiceatwork.com
zachary@justiceatwork.com